IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY RUTHFORD, | CV-22-195-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| MINERAL COUNTY, et al., | |
| Defendants. | |

Plaintiff Gary Ruthford has filed a Complaint alleging various constitutional violations against Defendants regarding his incarceration. (Doc. 2). By Order of January 14, 2023, Ruthford was directed to file the account statement that the Court requires to analyze his motion to proceed in forma pauperis. (Doc. 1.) Ruthford has not filed the required documents or notified the Court in this case of his updated address. Plaintiff was advised that failure to comply with orders or update his address with the Court may result in dismissal of this action.

Based upon Ruthford's failure to comply with the Court's Order, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in

1

extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61). The Court has considered these factors and concluded that dismissal is appropriate.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to deny all pending motions as moot, close this matter, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 15th day of February, 2023.

_____

Dana L. Christensen, District Judge
United States District Court